## MAHER v THOMAS et

Ohio Appeals, 2nd Dist, Miami Co

No 254.   Decided Nov 13, 1936

Michael E. Norris, for plaintiff-appellee.
Shipman & Shipman, Troy, for L. E. Elleman, trustee.

Henry A. Carns, for defendant O. E. Coale.

## OPINION

By THE COURT:

The above entitled action originated in the Court of Common Pleas of Miami County, Ohio. Therein the plaintiff through his petition sought to have a sale of real estate of the judgment debtors and also sought marshaling of liens. The liens consisted entirely of judgment liens.

In point of time, the judgment of plaintiff was first, the judgment in favor of Squire, Superintendent of Banks, afterwards transferred to L. E. Elleman, trustee, for benefit of shareholders of the Citizens State Bank of West Milton, Ohio, was second and a judgment in favor of O. E. Coate, third.

Through the pleading, there was a controversy as to the priority of liens.

The answer of Squire, Superintendent of Banks, raised an issue questioning the priority of plaintiff's judgment on the sole ground that the judgment was taken in the name of the bank at a time when the bank was in the hands of a conservator. The trial court rendered a written opinion in the case on April 14, 1936, finding in favor of plaintiff and against defendant. Journal entry was filed May 1, 1936. Notice of appeal was filed from the final order of May 1st on May 20, 1936. Transcript of docket and journal entries was filed on same date. The appeal was on a question of law.

Under the rules of Court appellant's brief was due 50 days thereafter. It is obvious that nothing was done until on or about August 20, 1936 at which time all counsel of record O.K.'d a proposed entry substituting L. E. Elleman, trustee, for the shareholders of the Citizens State Bank of West Milton, Ohio as party defendant for S. H. Squire, Superintendent of Banks for the State of Ohio. This approved entry was signed by Shipman & Shipman as attorneys for L. E. Elleman, trustee, and it seems that this was the first time this firm of lawyers appeared in the case. This proposed entry further provided that brief of appellant should be filed on or before September 12, 1936. While the entry was not submitted to the Court or any member thereof so as to make it an order of court, nevertheless the same was filed with the Clerk of Courts. It was approved by all counsel including counsel for plaintiff, appellee. This would constitute a waiver

provided the brief was afterwards filed within the time stipulated. Examining the file marks on the briefs filed, we find that brief of appellant was not filed until September 14, which was later than the day stipulated. Following the rule which we have adhered to for almost two years, the action must be dismissed for the reason that briefs were not filed within the time prescribed under the rule or the additional time consented to by counsel for appellee. Counsel for plaintiff, appellee, having filed a motion to dismiss, the same will be sustained.

Exceptions will be allowed to appellant.

Entry may be drawn in accordance with the above opinion.

BARNES, PJ., HORNBECK and BODEY, JJ., concur.